IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Monique S. Pressley as Personal Representative of the Estate of Francia Scott Burroughs,<br><br>Plaintiff,<br><br>v.<br><br>Hopehealth, Inc. and Steve L. Reeves, M.D.,<br><br>Defendants. | COMPLAINT |

Comes now the Plaintiff, by and through undersigned counsel, who would show unto the Honorable Court as follows:

### INTRODUCTION

1. This is a medical malpractice action that arises out of undiagnosed and untreated pneumonia. As outlined and pleaded more fully below, Defendants failed to diagnose Francina Scott Burroughs with pneumonia and as a result she died within days of being seen by Defendants.

### PARTIES JURISDICTION AND VENUE

2. Plaintiff, Monique S. Pressley, is a citizen and resident of South Carolina. She is the daughter of Francina Scott Burroughs. Since the death of Ms. Burroughs on or about March 25, 2014, Ms. Pressley has been appointed as the Personal Representative for the Estate of Monique S. Pressley by the Williamsburg County Probate Court.

1

3. On information and belief, Defendant, Hopehealth, Inc., is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business located in South Carolina.

4. On information and belief, Hopehealth, Inc. is a Health Center Program grantee under 42 U.S.C 254(b) and is subject to liability under portions the Federal Tort Claims Act.

5. On information and belief, Defendant, Steve L. Reeves, is a medical doctor and a resident of South Carolina.

6. This Court has subject matter jurisdiction pursuant to Federal Tort Claims Act, 28 U.S.C. 1346, et. al.

7. Venue is properly asserted in this judicial district because one or more of the above named Defendants are residents of this judicial district and because the negligent errors and omissions giving rise to this case all occurred in within this judicial district.

8. This Court has jurisdiction over the parties to this action because the parties are all citizens and residents of South Carolina.

## FACTUAL ALLEGATIONS

9. Plaintiff re-alleges the above paragraphs by reference as if recounted at length herein.

10. Prior to her untimely death on or about March 25, 2014, Ms. Burroughs had been a patient of Defendants.

11. On or about March 20, 2014, Ms. Burroughs was seen by Defendants Reeves and Hopehealth, Inc. complaining of cough, congestion and chills.

12. At the time of that visit, Defendants Reeves and Hopehealth, Inc. did not diagnose pneumonia and discharged Ms. Burroughs home with prescriptions for two (2) drugs, prednisone and codeine.

13. Over the next few days, Ms. Burroughs' condition did not improve and worsened.

14. On or about March 24, 2014, Ms. Burroughs contacted Williamsburg County EMS because of worsening conditions noted above.

15. On the morning of March 25, 2014, Ms. Pressley went to check on her mother, Francina Scott Burroughs.  When she arrived at her mother's house at approximately 7:00 a.m., she found her mother lying on the floor next to her bed and her mother was not breathing.

16. Ms. Pressley immediately called 911 and EMS was dispatched.

17. EMS pronounced Ms. Burroughs dead at the scene.

18. An autopsy was performed showing that Ms. Burroughs died of acute interstitial pneumonia.

19. Ms. Burroughs would not have died from pneumonia had she been diagnosed and treated for pneumonia by Defendants.

## PRE-FILING COMPLIANCE

20. In accordance with S.C. Code Annotated Sections 15-79-125 and 15-36-100, Plaintiff previously filed a Notice of Intent to File Suit and attached to the Notice of Intent to File was the Affidavit of Gayle A. Galan, M.D., FACEP.

21. As attested to in Dr. Galan's Affidavit, she is a medical doctor who is board certified in emergency medicine and family medicine and she has practiced medicine within these fields of medicine during the course of her career.

22. As attested to in Dr. Galan's Affidavit, she has reviewed the medical records of Ms. Burroughs and has identified multiple acts and omissions of medical negligence by the Defendants named above.

23. In accordance with South Carolina's statutory pre-filing requirements, Plaintiff offered to mediate this case with Defendants but Defendants refused to participate in a pre-filing mediation.

24. Prior to commencing this action, Plaintiff also filed a Claim for Damage, Injury or Death with the Defendant, HopeHealth, Inc.

25. On or about August 5, 2015, Plaintiff's Claim for Damage, Injury or Death was denied on behalf of HopeHealth, Inc.

**FOR A FIRST CAUSE OF ACTION AGAINST ALL NAMED DEFENDANTS**
**MEDICAL NEGLIGENCE**

26. Plaintiff re-alleges the above paragraphs by reference as if recounted at length herein.

27. Defendants owed Ms. Burroughs a duty of reasonable and due care and specifically had a duty to use the degree of skill and care as reasonably prudent physicians would use given Ms. Burrough's signs and symptoms when she presented to them as outlined and pleaded more fully above.

28. Defendants, individually and/or by and through their agents, employees, servants, representatives and/or medical partners, breached this duty in one or more of the following particulars:

    a. In failing to diagnose pneumonia;

    b. In failing to get sufficient information to allow them to diagnose pneumonia;

    c.  In failing to treat Ms. Burroughs for pneumonia; and

    d.  In such additional particulars as may be learned through discovery and/or proven at trial.

29. As a direct and proximate result of Defendants' negligent, grossly negligent, wanton, and/or reckless conduct as described more fully above, Ms. Burroughs died of pneumonia and suffered with this disease prior to her untimely death.

30. As the duly appointed personal representative for the Estate of Francina Scott Burroughs, Monique Pressley hereby makes demand against these Defendants, jointly and severally, for all damages allowed by law, plus an appropriate amount of punitive damages (as determined by a jury) to punish these Defendants for their grossly negligent, wanton, and/or reckless misconduct as described more fully above and to deter others from similar misconduct in the future.

## FOR A SECOND CAUSE OF ACTION AGAINST ALL NAMED DEFENDANTS
## WRONGFUL DEATH

31. Plaintiff re-alleges the above paragraphs by reference as if recounted at length herein.

32. As outlined and pleaded more fully above, Defendants were negligent, grossly negligent, wanton and/or reckless in their care and treatment of Ms. Burroughs.

33. As a direct and proximate result of Defendants' negligent, grossly negligent, wanton, and/or reckless conduct as described more fully above, Ms. Burroughs died prematurely. As a result of her death, the statutory beneficiaries suffered mental shock and suffering, wounded feelings, grief, sorrow, loss of society and companionship, and lost and were

deprived of the use and comfort of Ms. Burrough's experience, knowledge, and judgment. Further, funeral expenses were incurred for the burial of Ms. Burroughs.

34. As the duly appointed personal representative for the Estate of Francina Scott Burroughs, Monique S. Pressley hereby makes demand against these Defendants, jointly and severally, for all damages allowed by law for the wrongful death of Ms. Burroughs, plus an appropriate amount of punitive damages (as determined by a jury) to punish these Defendants for their grossly negligent, wanton, and/or reckless misconduct as described more fully above and to deter others from similar misconduct in the future.

### FOR A THIRD CAUSE OF ACTION AGAINST ALL NAMED DEFENDANTS
### SURVIVAL

35. Plaintiff re-alleges the above paragraphs by reference as if recounted at length herein.

36. As outlined and pleaded more fully above, Defendants were negligent, grossly negligent, wanton and/or reckless in their care and treatment of Ms. Burroughs.

37. As a direct and proximate result of Defendants' negligent, grossly negligent, wanton, and/or reckless conduct as described more fully above, Ms. Burroughs suffered personal injuries that resulted in conscious pain, suffering, mental distress and loss of enjoyment of life; she incurred medical bills and expenses; and she suffered other legally recognized damages. In addition, funeral expenses were incurred.

38. As the duly appointed personal representative of the Estate of Francina Scott Burroughs, Monique S. Pressley hereby makes demand against Defendants, jointly and severally, and on behalf of Ms. Burroughs and/or the estate of Francina Scott Burroughs, for all damages suffered by Ms. Burroughs as a result of Defendants' conduct as more fully

described above.  Further, Plaintiff seeks an appropriate amount of punitive damages (as determined by a jury) to punish these Defendants for their grossly negligent, wanton, and/or reckless misconduct as described more fully above and to deter others from similar misconduct in the future.

### FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS HOPEHEALTH, INC.
### *RESPONDEAT SUPERIOR*

39. Plaintiff re-alleges the above paragraphs by reference as if recounted at length herein.

40. On information and belief, at all times relevant to this action, Steve L. Reeves, M.D. was employed by and/or was otherwise acting as an agent, servant, and/or representative of Hopehealth, Inc.

41. At all times relevant to this action, Defendant Reeves was operating in the course and scope of his employment with Defendant Hopehealth, Inc.

42. The acts and omissions of Defendant Reeves (as outlined, alleged and pleaded more fully above) were all committed while he was operating within the course and scope of his employment, agency, and/or representative capacity.

43. Under the doctrine of *respondeat superior* Defendant Hopehealth, Inc. is liable for the negligent, grossly negligent, willful, wanton, and/or reckless conduct of Defendant Reeves (as outlined, alleged and pleaded more fully above).

44. As the duly appointed personal representative of the Estate of Francina Scott Burroughs, Monique S. Pressley hereby makes demand against Defendant Hopehealth, Inc., on behalf of Ms. Burroughs and/or the estate of Francina Scott Burroughs, for all damages suffered by Ms. Burroughs as a result of Defendants' conduct as more fully described

above. Further, Plaintiff seeks an appropriate amount of punitive damages (as determined by a jury) to punish these Defendants for their grossly negligent, wanton, and/or reckless misconduct as described more fully above and to deter others from similar misconduct in the future.

**WHEEFORE**, Plaintiff prays that the Court find for the Plaintiff and against Defendants (jointly and severely) and that Plaintiff be awarded all damages allowed by law (including punitive damages in a reasonable amount as determined by a jury), that Defendants be taxed with the cost of this action and that the Court award such additional and further relief, in law or equity, that the Court deems just and proper.

In accordance with the United States Constitution and South Carolina Constitution, Plaintiff demands a trial by jury.

                Respectfully submitted,

/s/ Robert D. Dodson
Robert D. Dodson
Federal I.D. Number 7249
Law Offices of Robert Dodson, P.A.
1722 Main Street, Suite 200
Columbia, SC  29201
Telephone (803) 252-2600
Facsimile (803) 771-2259
Email: rdodson@rdodsonlaw.com

Attorney for the Plaintiff

Columbia, South Carolina
January 11, 2016